J-S13015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARIO L. GRIFFIN, | |
| Appellant | No. 2366 EDA 2016 |

Appeal from the PCRA Order Entered June 21, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004527-2004

BEFORE:   BENDER, P.J.E., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED MARCH 29, 2017**

Appellant, Mario L. Griffin, appeals *pro se* from the post-conviction court's June 21, 2016 order denying, as untimely, his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the facts and procedural history of Appellant's case as follows:

> After a jury trial, Appellant was found guilty of attempted murder, aggravated assault, and simple assault.  The facts surrounding these verdicts were that Appellant had brutally stabbed and beat his step-mother, and assaulted another individual who tried to intervene.  On July 25, 2005, Appellant was sentenced by the Honorable Frank T. Hazel to an aggregate term of sixteen to forty-two years in a state correctional facility.  Appellant filed [a] timely direct appeal to the Pennsylvania

_____

[*] Former Justice specially assigned to the Superior Court.

Superior Court, which affirmed the judgment of sentence on April 13, 2006. [**See Commonwealth v. Griffin**, 902 A.2d 977 (Pa. Super. 2006) (unpublished memorandum).] On January 9, 2007, the Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal. [**See Commonwealth v. Griffin**, 916 A.2d 631 (Pa. 2007).]

On January 9, 2008, Appellant filed his first *pro se* PCRA petition. Counsel was appointed and filed a "no merit" letter and petition to withdraw on February 22, 2008. [**See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).] The PCRA [c]ourt issued a notice of intent to dismiss without a hearing on March 25, 2008, to which Appellant responded … on April 24, 2008. The petition was ultimately dismissed on May 9, 2008. On June 5, 2008, Appellant appealed the dismissal of his first PCRA petition to the Superior Court, which affirmed the dismissal, and the Pennsylvania Supreme Court denied a petition for [allowance of] appeal on September 22, 2009. [**See Commonwealth v. Griffin**, 972 A.2d 552 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 980 A.2d 605 (Pa. 2009).]

On April 1, 2016, Appellant filed his second PCRA petition. On May 20, 2016, this [c]ourt issued a [Pa.R.Crim.P. 907] notice of intent to dismiss [the petition] without a hearing, to which Appellant responded on June 10, 2016. On June 21, 2016, this [c]ourt dismissed the petition on the grounds that the petition was untimely, and did not fit any of the time[-]bar exceptions. On July 20, 2016, Appellant appealed to the Pennsylvania Superior Court.

PCRA Court Opinion, 10/17/16, at 1-2 (footnotes omitted).

It does not appear that the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement. Notwithstanding, Appellant filed a *pro se* motion for an extension of time within which to file a concise statement in August of 2016. On August 29, 2016, the court issued an order granting that motion and directing that Appellant file his Rule 1925(b) statement within 45 days. The record indicates that Appellant ultimately did

not file a Rule 1925(b) statement.[1] On October 18, 2016, the PCRA court issued a Rule 1925(a) opinion, addressing the claims Appellant raised in his *pro se* petition.

Appellant thereafter filed a *pro se* brief with this Court, presenting the following, verbatim issue for our review: "The Criminal Information/Indictment deprived the Court of subject matter jurisdiction, Ab Initio And the conviction is void; per Pa. R. App. Proc. 2119(b) and the admission of inadmissible evidence constituting jeopardy under Smith?" Appellant's Brief at III.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the

_____

[1] We will not deem the claim Appellant raises herein waived, even though he failed to file a Rule 1925(b) statement. The court did not initially issue an order directing Appellant to file a concise statement and, in the order granting Appellant's motion for an extension of time, the court did not inform him that a failure to file a Rule 1925(b) statement would result in waiver of his claims on appeal. ***See*** Pa.R.A.P. 1925(b)(3)(iv) (requiring the Rule 1925(b) order to inform the appellant "that any issue not properly included in the Statement timely filed and served … shall be deemed waived"). Consequently, because the court's order did not comply with the requirements of Rule 1925(b), we will not consider Appellant's issue waived for our review. ***See Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) (holding that in finding waiver based on non-compliance with Rule 1925(b), it is the court's order that triggers the appellant's obligation).

timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on April 9, 2007, 90 days after our Supreme Court denied his petition for permission to appeal. **See** 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Consequently, Appellant's present, *pro se* petition, filed on April 1, 2016, is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant wholly fails to meet this burden. In his appellate brief, Appellant contends that the trial court lacked jurisdiction over his case because the criminal information was ostensibly defective and, as a result, his sentence is illegal. Our Supreme Court has held that a claim challenging the legality of sentence must first satisfy the PCRA's time limits to be reviewed under the scope of the PCRA. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Appellant does not explain which timeliness exception his argument meets, and we cannot ascertain how his claim could satisfy any subpart of section 9545(b). We also point out that Appellant cannot prove that he raised his challenge to the trial court's jurisdiction and

the legality of his sentence within 60 days of when he could have first done so. Accordingly, the PCRA court did not err in denying Appellant's untimely petition.[2]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2017

---

[2] We note that Appellant presented different challenges to the legality of his sentence in his *pro se* petition, contending that his sentence is illegal under **Alleyne v. United States**, 133 S.Ct. 2151, 2163 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt), and/or **Miller v. Alabama**, 132 S.Ct. 2455, 2469 (2012) (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"). While Appellant abandons these specific claims on appeal, we note that neither of them would satisfy a timeliness exception in this case. First, our Supreme Court has held that **Alleyne** does *not* apply retroactively to cases on collateral review. **See Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2016). In any event, **Alleyne** would not apply in this case because Appellant was not sentenced to a mandatory minimum term of incarceration. Second, while **Miller** *does* apply retroactively to cases on collateral review, **see Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), Appellant was not sentenced to a mandatory term of life without the possibility of parole, and he also was not a juvenile at the time he committed his offenses. **See** PCRA Court Opinion, 10/18/16, at 4. Accordingly, we agree with the PCRA court that the claims presented by Appellant in his *pro se* petition cannot overcome the PCRA's jurisdictional time-bar. **See id.** at 3-4.